Chris Reichman  SBN 250485
PRATO & REICHMAN, APC
3737 Camino del Rio South, Suite 303
San Diego, CA 92108
Telephone: 619-683-7971
Facsimile: 619-241-8309

Attorney for Plaintiff

**Filed**

DEC 1 0 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

Fee paid
SI          (99)

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

PAUL SAPAN,

        Plaintiff,

    vs.

MAXIMUM SECURITY ALARM, INC.,
ANDREW N. HIGGINS, 1TO1 SALES
GROUP, LLC, SAVANTIUS, LLC,
REVOCALIZE, LLC, BEN GEORGE, and
JODY ROOKSTOOL,

        Defendants.

Case No.:

**CV 12 – 6257  HRL**

**COMPLAINT FOR DAMAGES, INCLUDING PUNITIVE DAMAGES, INTEREST AND ATTORNEY'S FEES, AND FOR INJUNCTIVE RELIEF**

**Violation(s) of Telephone Consumer Protection Act of 1991**
**Violation(s) of California Civil Code § 1770 (a) (22) (A)**
**Trespass to Chattel**
**Unfair Business Practices**

COMES NOW Plaintiff PAUL SAPAN (hereinafter referred to as "Plaintiff") who alleges as follows:

## JURISDICTIONAL ALLEGATIONS

    1.    Plaintiff is, and at all times herein mentioned was, a resident of the County of Los Angeles, State of California, in the Santa Monica Courthouse district.

    2.    Defendant MAXIMUM SECURITY ALARM, INC. ("Maximum Security") is a Nevada corporation which, at all times herein mentioned, was doing business in every county in the State of California.

- 1 -

Complaint for, *inter alia*, Violation(s) of Telephone Consumer Protection Act of 1991

3.     Defendant ANDREW N. HIGGINS ("Mr. Higgins") is a California resident who, at all times herein mentioned, was doing business in every county in the State of California.

4.     On information and belief, Defendant 1TO1 SALES GROUP, LLC ("1TO1") is a Utah limited liability company with its principal place of business at 826 East State Road #101, American Fork, Utah 84003.

5.     On information and belief, Defendant SAVANTIUS, LLC ("Savantius") is a Utah limited liability company with its principal place of business at 826 East State Road #101, American Fork, Utah 84003.

6.     On information and belief, Defendant REVOCALIZE, LLC ("Revocalize") is a Utah limited liability company with its principal place of business at 826 East State Road #200, American Fork, Utah 84003.

7.     On information and belief, Defendant Ben George is an individual residing in Utah County, Utah and a principal of 1TO1, Savantius, and Revocalize.

8.     On information and belief, Defendant Jody Rookstool is an individual residing in Utah County, Utah and a principal of 1TO1, Savantius, and Revocalize.

9.     This case is filed pursuant to the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227 et. seq.  The U.S. Supreme Court recently decided that federals courts have federal question subject matter jurisdiction over such civil actions under 28 U.S.C. §§ 1331 and 1441. *Mims v. Arrow Fin. Services, LLC*, -- U.S. --, 132 S.Ct. 740, 753 (2012).  The state law claim herein arises out of a common nucleus of operative facts and is subject to supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

10.     At all times herein mentioned each defendant was the partner, agent and employee of each co-defendant herein and was at all times acting within the scope of such

- 2 -

partnership, agency and employment and each defendant ratified the conduct of each co-defendant herein.

## FACTUAL SUMMARY

11.     On or about October 20, 2009 at 4:34pm, Defendants transmitted a prerecorded telesolicitation call to PAUL SAPAN's home phone number attempting to sell home alarm systems. The call was in the nature of an interactive voice response system wherein it first plays a recording then asks the victim to press 1 if they are interested.

12.     The Caller Identification ("Caller ID") for this call listed the number as 402-982-0719 and it falsely listed the calling party as "OTO Inc.".

13.     The recorded portion of the call did not state the company name or call back number of the calling party.

14.     On or about October 23, 2010, at 6:27pm PAUL SAPAN received another identical prerecorded solicitation call from Defendants.

15.     The Caller ID for this call listed the number as 760-526-8108 and it falsely and vaguely listed the calling party name as "Sims".

16.     PAUL SAPAN feigned interest and pressed the button to be connected in order to discover who the calling party was.

17.     PAUL SAPAN received two callbacks that night from Maximum Security and Andrew Higgins (Caller ID: 916-437-0272, "Maximum Security").

18.     During the second call which he answered PAUL SAPAN again feigned interest to determine who the caller was and agreed to one more call back.

/ / /

- 3 -

Complaint for, *inter alia*, Violation(s) of Telephone Consumer Protection Act of 1991

19.    The invited call was made to PAUL SAPAN on October 26, 2009 at approximately 8:56am. In this call Mr. Sapan stopped feigning interest and instructed Maximum Security and Mr. Higgins to place him on their internal "Do Not Call" list and to never call him again.

20.    The invited callback is not claimed to be actionable in this suit, it is the only call where lawful permission to call was obtained, every call before was made without permission and so was every call after.

21.    On April 28, 2010, Mr. Sapan unequivocally repudiated any invitation by having his counsel send a formal demand letter to Maximum Security via U.S. Mail claiming damages for the illegal telemarketing calls—with the exception of the one permitted call.

22.    Mr. Higgins of Maximum Security responded in a letter also dated April 28, 2010, though this letter was likely erroneously dated and actually sent a few days later since Mr. Sapan's letter likely spent some time in the mail reaching Mr. Higgins and Maximum Security.

23.    On May 17, 2010 Mr. Sapan replied through counsel to Mr. Higgins' letter.

24.    Mr. Higgins and counsel for Mr. Sapan also spoke on the phone during this time, and in each interchange counsel for Mr. Sapan made it clear he did not want to receive junk phone calls and had every intention to sue persons who violated the law to transmit them.

25.    Mr. Higgins discontinued discussions after the May 17, 2010 letter.

26.    On February 18, 2011 and March 4, 2011 Maximum Security again called Mr. Sapan to try to sell their alarms. This call was presumably a live call since it used the same caller ID name and number previously used in the lone invited callback call.

/ / /

/ / /

- 4 -

27.    On June 10, 2011 Mr. Sapan made it unequivocally clear he did not want such calls by filing a lawsuit against Maximum Security and Andrew Higgins in the Los Angeles Superior Court (Case No: SC112977).

28.    Even in the midst of a lawsuit, Maximum Security and Mr. Higgins transmitted another prerecorded call of the "press 1 if interested" type to Mr. Sapan's home phone number to sell alarms on July 11, 2011 (Caller ID: 603-214-3653, "Mary at NWNS").

29.    Thereafter, Maximum Security, during the aforementioned lawsuit continued to transmit another five (5) prerecorded "press 1 if interested" type calls to Mr. Sapan's home phone number to sell alarms on the following dates and times:  7/22/11 at 2:03pm, 11/11/11 at 6:01pm, 11/16/11 at 1:11pm, 11/17/11 at 9:40am, and 11/21/11 at 11:44am.

30.    Maximum Security also after the lawsuit had been filed transmitted three (3) more live calls to Mr. Sapan's home phone number to sell alarms on the following dates and times: 7/22/11 at 3:44pm, 8/19/11 at 11:03am, and 1/28/11 at 1:26pm.

31.    A timeline of all the calls and major events giving time, date, Caller ID information, live/recorded status, and call notes made at the time of each call by Mr. Sapan is attached hereto as Exhibit A and incorporated herein as if set forth verbatim.

32.    At all times relevant to this complaint, Plaintiff had registered his residential telephone number on the national do-not-call registry maintained by the U.S. Government.

33.    In summary, Mr. Sapan complains of eight (8) prerecorded telemarketing calls transmitted to his home phone number, and five (5) live telemarketing calls transmitted to his home phone number.

34.    Maximum Security and Mr. Higgins have claimed under oath that the other Defendants named herein played some substantial role in the calls complained of herein and

- 5 -

Complaint for, *inter alia*, Violation(s) of Telephone Consumer Protection Act of 1991

upon that representation Plaintiff has named them to this Complaint and alleges each and every one of the Defendants was the partner, agent and employee of each co-defendant herein and was at all times acting within the scope of such partnership, agency and employment and each defendant ratified the conduct of each co-defendant herein.

### FIRST CAUSE OF ACTION
[Violation of Telephone Consumer Protection Act of 1991]
[Prerecorded Solicitation Calls to Home Phone]

35.   Plaintiff realleges paragraphs 1 through 8 above and incorporates them herein by reference.

36.   Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

37.   Subdivision (b) (1) (B) of Section 227 of Title 47 of the United States Code makes it unlawful for any person to "initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order of the Commission under paragraph (2) (B);"

38.   Defendants have called Plaintiff's residential telephone line, using an artificial or prerecorded voice to deliver a message, without Plaintiff's express permission on approximately two occasions during the statutory period of the last 4 years, pursuant to 28 U.S.C. § 1658. These calls are the only calls known to Plaintiff at this time and Plaintiff states on information and belief, without yet having the aid of full discovery, that it is quite likely that Defendant has made many more violative calls to Plaintiff's residential telephone line.  These calls were not

///

-6-

Complaint for, *inter alia*, Violation(s) of Telephone Consumer Protection Act of 1991

39.    made for any emergency purpose, nor were these calls exempt under subdivisions (a) and/or (c) of section 64.1200 of title 47 of the Code of Federal Regulations.

40.    Subdivision (b)(3) of section 227 of title 47 of the United States Code permits a private right of action in state court for violations of 47 U.S.C. §227 (b) (1) (B). Plaintiff may obtain relief in the form of injunctive relief, or Plaintiff may recover $500.00 for each violation, or both.  If the court finds that defendants' violations were willful or knowing, it may, in its discretion, award up to three times that amount.

### SECOND CAUSE OF ACTION
[Violation of Telephone Consumer Protection Act of 1991]
[Any Solicitation Call to A Number on The Do Not Call List]

41.    Plaintiff realleges paragraphs 1 through 21 above and incorporates them herein by reference.

42.    Subdivision (c) (2) of Section 64.1200 of Title 47 of the Code of Federal Regulations makes it unlawful for any person to "initiate any telephone solicitation" to "A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations".

43.    At all times relevant to this complaint, Plaintiff had registered his residential telephone number on the national do-not-call registry maintained by the U.S. Government.

44.    Defendants have called Plaintiff's residential telephone line for solicitation purposes, on approximately four occasions during the statutory period of the last 4 years, pursuant to 28 U.S.C. § 1658.  These calls are the only calls known to Plaintiff at this time and Plaintiff states on information and belief, without yet having the aid of full discovery, that it is quite likely that Defendant has made many more violative calls to Plaintiff's residential

- 7 -

telephone line. These calls were not made in error, nor did Defendant have express permission from Plaintiff to call, nor did Defendant have a personal relationship with Plaintiff. 37 C.F.R. § 64.1200 (c) (i), (ii), & (iii).

45.    Subdivision (c)(5) of section 227 of title 47 of the United States Code permits a private right of action in state court for violations the national do-not-call registry rules promulgated thereunder. Plaintiff may obtain relief in the form of injunctive relief, or Plaintiff may recover $500.00 for each violation, or both. If the court finds that defendants' violations were willful or knowing, it may, in its discretion, award up to three times that amount.

## THIRD CAUSE OF ACTION
[Violation(s) of California Civil Code § 1770 (a) (22) (A)]

46.    Plaintiff realleges paragraphs 1 through 30 above and incorporates them herein by reference.

47.    California Civil Code § 1770 (a) (22) (A) requires that all recorded messages disseminated within the state be introduced by a live, natural voice giving the name of the entity calling, the name of the entity being represented, an address or phone number for that entity, and asking permission to play the recording. Defendant's illegal prerecorded telemarketing calls to Plaintiff failed to comply with this requirement.

48.    As a proximate result of defendants' violation of Civil Code section 1770, plaintiff has suffered and continues to suffer damages in an amount not yet ascertained, to be proven at trial.

49.    Civil Code section 1780 (a) (2) provides for an injunction against future conduct in violation of Civil Code section 1770.

///

- 8 -

Complaint for, *inter alia*, Violation(s) of Telephone Consumer Protection Act of 1991

50.    Civil Code section 1780 (a) (4) provides for an award of punitive damages for violations of Civil Code section 1770.

51.    Civil Code section 1780 (d) provides for an award of attorneys fees for plaintiffs harmed by California Civil Code §1770 (a) (22) (A) violations.

## FOURTH CAUSE OF ACTION
[Trespass to Chattel]

52.    Plaintiff realleges paragraphs 1 through 36 above and incorporates them herein by reference.

53.    The conduct by defendants complained of herein, namely illegally calling Plaintiff's phone, constitutes an electronic trespass to chattel.

54.    At no time did Plaintiff consent to this trespass.

55.    As a proximate result of these intrusions, Plaintiff suffered damage in an amount according to proof.

56.    In making the illegal calls described above, defendants were guilty of oppression and malice, in that defendants made said calls with the intent to vex, injure, or annoy Plaintiff or with a willful and conscious disregard of Plaintiff's rights. Plaintiff therefore seeks an award of punitive damages.

## FIFTH CAUSE OF ACTION
[Engaging in Unfair Business Practices]

57.    Plaintiff realleges paragraphs 1 through 41 above and incorporates them herein by reference.

///

- 9 -

Complaint for, *inter alia*, Violation(s) of Telephone Consumer Protection Act of 1991

58.  Because these telephone calls violate federal statutes, they are unlawful business practices within the meaning of section 17200 of the Business and Professions Code.

59.  Section 17203 of the Business and Professions Code entitles Plaintiff to an injunction enjoining defendants from engaging in unfair or unlawful business practices.

WHEREFORE Plaintiff prays for judgment against defendants, and each of them, as follows:

On the FIRST CAUSE OF ACTION:

1.  For an award of $500.00 for each violation of 47 U.S.C. §227;

2.  For an award of $1,500.00 for each such violation found to have been willful;

On the SECOND CAUSE OF ACTION:

3.  For an award of $500.00 for each violation of 47 C.F.R. §64.1200 (c) (5);

4.  For an award of $1,500.00 for each such violation found to have been willful;

On the THIRD CAUSE OF ACTION:

5.  For compensatory damages according to proof;

6.  For preliminary and permanent injunctions, enjoining Defendants, and each of them, from engaging in activity in violation of California Civil Code §1770 (a) (22) (A);

7.  For punitive damages;

8.  For attorneys fees;

On the FOURTH CAUSE OF ACTION:

9.  For compensatory damages according to proof;

10.  For punitive damages;

- 10 -

On the FIFTH CAUSE OF ACTION:

 11. For preliminary and permanent injunctions, enjoining Defendants, and each of them, from engaging in unfair or unlawful business practices pursuant to section 17203 of the Business and Professions Code;

On ALL CAUSES OF ACTION:

 12. For attorney's fees pursuant to California Code of Civil Procedure § 1021.5 and 47 U.S.C. §§ 206-7.

 13. For costs of suit herein incurred; and

 14. For such further relief as the Court deems proper.

DATED: __11/21/12__

PRATO & REICHMAN, APC

By: Christopher J. Reichman, Esq.
Prato & Reichman APC
Attorneys for Plaintiff
PAUL SAPAN

- 11 -