MEAGAN L. RUDD, ESQ.  [CA State Bar No. 232324]
THE RUDD FIRM, P.C.
357 W. 200 S., Ste. 200
Salt Lake City, Utah 84101
(801) 676-5337
(801) 532-8400 FAX
meagan@ruddfirm.com

Attorneys for Defendants Ben George and Jody Rookstool

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SAPAN, | CASE NO.: CV12-6257-HRL |
| Plaintiff, | ANSWER. |
| vs. | |
| | Hon. Judge: Howard R. Lloyd |
| MAXIMUM SECURITY ALARM, INC.; ANDREW N. HIGGINS; 1TO1 SALES GROUP, LLC; SAVANTIUS, LLC; REVOCALIZE, LLC; BEN GEORGE; and JODY ROOKSTOOL; | Courtroom 2, 5th Floor |
| Defendants. | |

COMES NOW, Defendants BEN GEORGE (hereinafter "George") and JODY ROOKSTOOL (hereinafter "Rookstool") (hereinafter collectively referred to as "Defendants"), by and through their counsel of record, Meagan L. Rudd, Esq., and hereby Answers the Complaint For Damages, Including Punitive Damages, Interest and Attorney's Fees, and for Injunctive Relief as follows:

1. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1 and on that basis, deny the same.

2. Defendants lack sufficient knowledge or information to form a belief as to the truth or

1                                                                              Answer

falsity of the allegations in paragraph 2 and on that basis, deny the same.

3. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 3 and on that basis, deny the same.

4. Defendants admit that 1TO1 SALES GROUP, LLC ("1TO1") was a Utah limited liability company with its principal place of business at 826 East State Road #101, American Fork, Utah 84003, but affirmatively sets forth that 1TO1 is no longer in business and has been dissolved and on that basis, deny any remaining allegations.

5. Defendants admit that SAVANTIUS, LLC ("SAVANTIUS") was a Utah limited liability company with its principal place of business at 826 East State Road #101, American Fork, Utah 84003, but affirmatively sets forth that SAVANTIUS is no longer in business and has been dissolved and on that basis, deny any remaining allegations.

6. Defendants admit that REVOCALIZE, LLC ("REVOCALIZE") was a Utah limited liability company with its principal place of business at 826 East State Road #200, American Fork, Utah 84003, but affirmatively sets forth that REVOCALIZE is no longer in business and has been dissolved and on that basis, deny any remaining allegations.

7. Defendants admit that Ben George is an individual residing in Utah County, Utah and was a principal of 1TO1, Savantius, and Revocalize, but as affirmatively set forth previously, states that said businesses are no longer in business and on that basis, deny any remaining allegations.

8. Defendants admit that Jody Rookstool is an individual residing in Utah County, Utah and was a principal of 1TO1, Savantius, and Revocalize, but as affirmatively set forth previously, states that said businesses are no longer in business and on that basis, deny any remaining allegations.

9. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 9 and on that basis, deny the same.

10. Denied.

11. Denied.

12. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations that the Caller Identification ("Caller ID") for this call listed the number as 402-982-0719 and on that basis, deny the same. Defendants deny the remaining allegations of paragraph 12.

13. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 13 and on that basis, deny the same.

14. Denied.

15. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 15 and on that basis, deny the same.

16. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 16 and on that basis, deny the same.

17. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 17 and on that basis, deny the same.

18. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 18 and on that basis, deny the same.

19. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 19 and on that basis, deny the same.

20. Denied.

21. Defendants lack sufficient knowledge or information to form a belief as to the truth or

falsity of the allegations in paragraph 21 and on that basis, deny the same.

22. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 22 and on that basis, deny the same.

23. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 23 and on that basis, deny the same.

24. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 24 and on that basis, deny the same.

25. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 25 and on that basis, deny the same.

26. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 26 and on that basis, deny the same.

27. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 27 and on that basis, deny the same.

28. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 28 and on that basis, deny the same.

29. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 29 and on that basis, deny the same.

30. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 30 and on that basis, deny the same.

31. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 31 and on that basis, deny the same.

32. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 32 and on that basis, deny the same.

33. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 33 and on that basis, deny the same. Defendants affirmatively set forth that the Complaint speaks for itself.

34. Denied.

### FIRST CAUSE OF ACTION
### [Violation of Telephone Consumer Protection Act of 1991]
### [Prerecorded Solicitation Calls to Home Phone]

35. Defendants incorporate herein the admissions, denials, and affirmative allegations of the above paragraphs.

36. Denied.

37. Defendants affirmatively set forth that paragraph 37 calls for a legal conclusion, and on that basis, deny the same.

38. Denied.

39. Denied

40. Defendants affirmatively set forth that paragraph 40 calls for a legal conclusion, and on that basis, deny the same.

### SECOND CAUSE OF ACTION
### [Violation of Telephone Consumer Protection Act of 1991]
### [Any Solicitation Call to a Number on the Do Not Call List]

41. Defendants incorporate herein the admissions, denials, and affirmative allegations of the above paragraphs.

42. Defendants affirmatively set forth that paragraph 42 calls for a legal conclusion, and on that basis, deny the same.

43. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 43 and on that basis, deny the same.

44. Denied.

45. Defendants affirmatively set forth that paragraph 45 calls for a legal conclusion, and on that basis, deny the same.

## THIRD CAUSE OF ACTION
### [Violation(s) of California Civil Code §1770 (a)(22)(A)]

46. Defendants incorporate herein the admissions, denials, and affirmative allegations of the above paragraphs.

47. Defendants affirmatively set forth that to the extent paragraph 47 calls for a legal conclusion, Defendants deny the same. Defendants deny the remaining allegations of paragraph 47.

48. Denied.

49. Defendants affirmatively set forth that paragraph 49 calls for a legal conclusion, and on that basis, deny the same.

50. Defendants affirmatively set forth that paragraph 50 calls for a legal conclusion, and on that basis, deny the same.

51. Defendants affirmatively set forth that paragraph 51 calls for a legal conclusion, and on that basis, deny the same.

## FOURTH CAUSE OF ACTION
### [Trespass to Chattel]

52. Defendants incorporate herein the admissions, denials, and affirmative allegations of the above paragraphs.

53. Denied.

54. Denied.

55. Denied.

44. Denied.

45. Defendants affirmatively set forth that paragraph 45 calls for a legal conclusion, and on that basis, deny the same.

## THIRD CAUSE OF ACTION
### [Violation(s) of California Civil Code §1770 (a)(22)(A)]

46. Defendants incorporate herein the admissions, denials, and affirmative allegations of the above paragraphs.

47. Defendants affirmatively set forth that to the extent paragraph 47 calls for a legal conclusion, Defendants deny the same. Defendants deny the remaining allegations of paragraph 47.

48. Denied.

49. Defendants affirmatively set forth that paragraph 49 calls for a legal conclusion, and on that basis, deny the same.

50. Defendants affirmatively set forth that paragraph 50 calls for a legal conclusion, and on that basis, deny the same.

51. Defendants affirmatively set forth that paragraph 51 calls for a legal conclusion, and on that basis, deny the same.

## FOURTH CAUSE OF ACTION
### [Trespass to Chattel]

52. Defendants incorporate herein the admissions, denials, and affirmative allegations of the above paragraphs.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

## FIFTH CAUSE OF ACTION
### [Engaging in Unfair Business Practices]

57. Defendants incorporate herein the admissions, denials, and affirmative allegations of the above paragraphs.

58. Denied.

59. Defendants affirmatively set forth that paragraph 59 calls for a legal conclusion, and on that basis, deny the same.

Defendants deny each and every allegation of the Complaint not heretofore admitted or denied, including the averments of Plaintiffs' prayer for relief.

Wherefore, Defendants pray that Plaintiff's claims be dismissed with prejudice and on the merits, that Plaintiff take nothing thereby, that Defendants be awarded their reasonable attorney fees and costs incurred in defending against Plaintiff's Complaint, and for such other and further relief as the Court may deem appropriate under the circumstances. Defendants incorporate herein the claims and affirmative allegations of their affirmative defenses below.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

All or part of Plaintiff's claims are barred by the doctrines of estoppel, waiver, and laches.

### THIRD DEFENSE

All or parts of Plaintiff's claims are barred by Plaintiff's own tortious and/or illegal conduct, unclean hands, and other wrongful acts.

### FOURTH DEFENSE

Plaintiff's claims have been brought in bad faith. Said Complaint was filed on or before December 31, 1994 and thus Defendants are entitled to reasonable expenses, including attorney's fees, incurred by Defendants as a result of the bad-faith actions pursuant to the California Civil Code Section 128.5 (2012).

### FIFTH DEFENSE

Plaintiff's claims are subject to offset.

### SIXTH DEFENSE

All or part of Plaintiff's claims is barred by Plaintiffs' failure to mitigate their damages.

### SEVENTH DEFENSE

All or part of Plaintiff's claims are barred by relevant public policy.

### EIGHTH DEFENSE

Plaintiff's actions and/or conduct are illegal.

Dated this 14th day of February, 2013.                THE RUDD FIRM, P.C.


                                                By:    /s/ Meagan L. Rudd
                                                       MEAGAN L. RUDD
                                                       Attorneys for Defendants
                                                       BEN GEORGE and JODY
                                                       ROOKSTOOL

**PROOF OF SERVICE BY FACSIMILE/U. S. MAIL/E-FILE**

**(Code Civ. Proc., §§ 1013(a), 2015.5)**

I, the undersigned, certify and declare as follows:

I am a resident of the United States, over 18 years of age and am not a party to the within action. My business address is 357 West 200 S., Ste. 200, Salt Lake City, Utah 84101.

On February 14, 2013, I served the foregoing document described as:

**ANSWER.**

on the interested parties in this action,

[ ] **BY FAX -** I personally sent to the addressee's facsimile number a true and correct copy of the above described documents. Thereafter I sent a true and correct copy in a sealed envelope addressed and mailed as indicated above.

[X] **BY MAIL -** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the United States postal service on that same day with postage thereon fully prepaid at Salt Lake City, Utah, in the ordinary course of business.

[ X ] **BY E-FILE -** I served this notice on the parties shown by Electronic-Filing via, CourtLink, a true and correct copy of the above described document(s).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed February 14, 2013, at Salt Lake City, Utah.

                     _/s/ Meagan Rudd_____