1  JENNIFER K. WHIPPLE, ESQ., SBN 196795
   *jkw@millermorton.com*
2  MILLER, MORTON, CAILLAT & NEVIS, LLP
   25 Metro Drive, 7th Floor
3  San Jose, California   95110
   Telephone:  (408) 292-1765
4  Facsimile:  (408) 436-8272

5  Attorneys for Defendants Maximum Security
   Alarm, Inc. and Andrew N. Higgins

6

7

8              UNITED STATES DISTRICT COURT

9     NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE COURTHOUSE

10

11 PAUL SAPAN,                          Case No.: CV12-6257-HRL

12          Plaintiff,                  **DEFENDANTS MAXIMUM SECURITY
                                        ALARM, INC. AND ANDREW N.**
13          vs.                         **HIGGINS' ANSWER TO COMPLAINT**

14 MAXIMUM SECURITY ALARM, INC.;
   ANDREW N. HIGGINS, 1TO1 SALES        Assigned to the Hon. Howard R. Lloyd
15 GROUP, LLC; SAVANTIUS, LLC;          Courtroom 2, 5th Floor
   REVOCALIZE, LLC; BEN GEORGE; and
16 JODY ROOKSTOOL

17          Defendants.

18

19        Defendants Maximum Security Alarm, Inc. and Andrew N. Higgins (hereinafter

20 "Answering Defendants"), through their attorneys Miller, Morton, Caillat & Nevis, LLP, file this

21 response to the Complaint for Damages, Including Punitive Damages, Interest and Attorney's

22 Fees, and for Injunctive Relief (hereinafter "Complaint") of Plaintiff Paul Sapan (hereinafter

23 "Plaintiff") pursuant to Federal Rules of Civil Procedure, Rule 8, and hereby set forth Answering

24 Defendants' admissions, denials and affirmative defenses as described below:

25                              **ANSWER**

26        1.     In response to Paragraph 1 of the Complaint, Answering Defendants are without

27 knowledge or information to form a belief as to the truth of the allegations contained in said

28 paragraph, and on that basis deny each and every allegation contained therein.

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110
Telephone: (408) 292-1765

2.      In response to Paragraph 2 of the Complaint, Answering Defendants admit the allegations contained therein.

3.      In response to Paragraph 3 of the Complaint, Answering Defendants admit that Andrew N. Higgins is a California resident.   Except as so admitted, Answering Defendants deny each and every allegation contained in Paragraph 3 of the Complaint.

4.      In response to Paragraph 4 of the Complaint, Answering Defendants admit the allegations contained therein.

5.      In response to Paragraph 5 of the Complaint, Answering Defendants admit the allegations contained therein.

6.      In response to Paragraph 6 of the Complaint, Answering Defendants admit the allegations contained therein.

7.      In response to Paragraph 7 of the Complaint, Answering Defendants admit the allegations contained therein.

8.      In response to Paragraph 8 of the Complaint, Answering Defendants admit the allegations contained therein.

9.      In response to Paragraph 9 of the Complaint, Answering Defendants admit that this Court has subject matter jurisdiction of this action.  Except as so admitted, Answering Defendants are without knowledge or information to form a belief as to the truth of the allegations contained in said paragraph because the referenced statutes and caselaw speak for themselves and it is not for Answering Defendants to admit or deny the truth of Plaintiff's legal conclusions and on that basis Answering Defendants deny each and every allegation contained therein.

10.      In response to Paragraph 10 of the Complaint, Answering Defendants deny that any Answering Defendant was the partner, agent, employee of any other (non-Answering) Defendant and further deny that Answering Defendants were acting within the scope of such partnership, agency and employment of any other (non-Answering) Defendant.  Answering Defendants also deny that Answering Defendants ratified the conduct of any other (non-Answering) Defendant.

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110
Telephone: (408) 292-1765

11. In response to Paragraph 11 of the Complaint, Answering Defendants deny each and every allegation contained therein to the extent that those allegations are made against Answering Defendants. To the extent that the allegations in Paragraph 11 of the Complaint are made against other (non-Answering) Defendants, Answering Defendants are without knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

12. In response to Paragraph 12 of the Complaint, Answering Defendants are without knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

13. In response to Paragraph 13 of the Complaint, Answering Defendants are without knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

14. In response to Paragraph 14 of the Complaint, Answering Defendants deny each and every allegation contained therein to the extent that those allegations are made against Answering Defendants. To the extent that the allegations in Paragraph 14 of the Complaint are made against other (non-Answering) Defendants, Answering Defendants are without knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

15. In response to Paragraph 15 of the Complaint, Answering Defendants are without knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

16. In response to Paragraph 16 of the Complaint, Answering Defendants are without knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

17. In response to Paragraph 17 of the Complaint, Answering Defendants deny each and every allegation contained therein.

18. In response to Paragraph 18 of the Complaint, Answering Defendants are without knowledge or information to form a belief as to the truth of the allegations contained in said

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110
Telephone: (408) 292-1765

1   paragraph, and on that basis deny each and every allegation contained therein.

2       19.     In response to Paragraph 19 of the Complaint, Answering Defendants deny each

3   and every allegation contained therein except they admit that when Plaintiff initiated a call to

4   Maximum Security Alarm, Inc. on October 26, 2009, Plaintiff expressed an interest in an alarm

5   system and specifically, he indicated that he needed to reschedule his current appointment and

6   requested that Maximum Security Alarm, Inc. call him back to reschedule.

7       20.     In response to Paragraph 20 of the Complaint, Answering Defendants deny each

8   and every allegation contained therein except Answering Defendants admit that Defendant

9   Maximum Security Alarm, Inc. had lawful permission to call Plaintiff and that any such calls are

10  not legally actionable.

11      21.     In response to Paragraph 21 of the Complaint, Answering Defendants deny each

12  and every allegation contained therein except Answering Defendants admit that Defendant

13  Maximum Security Alarm, Inc. received a letter purporting to be from Plaintiff's counsel

14  sometime in or around April of 2010.  With respect to Plaintiff's allegation that the letter

15  "unequivocally repudiated" any invitation to call him, Answering Defendants respond that they

16  are without knowledge or information to form a belief as to the truth of those allegations because

17  they constitute a legal conclusion and the content of that letter speaks for itself, and on that basis

18  Answering Defendants deny each and every allegation contained therein.

19      22.     In response to Paragraph 22 of the Complaint, Answering Defendants deny each

20  and every allegation contained therein except Answering Defendants admit that they sent a letter

21  to Plaintiff's counsel in response to Plaintiff's counsel's letter.

22      23.     In response to Paragraph 23 of the Complaint, are without knowledge or

23  information to form a belief as to the truth of the allegations contained in said paragraph, and on

24  that basis Answering Defendants deny each and every allegation contained therein.

25      24.     In response to Paragraph 24 of the Complaint, Answering Defendants are without

26  knowledge or information to form a belief as to the truth of the allegations contained in said

27  paragraph because it is vague as to what Plaintiff means by "during this time" and on that basis

28  Answering Defendants deny each and every allegation contained therein.

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110
Telephone:  (408) 292-1765

25. In response to Paragraph 25 of the Complaint, Answering Defendants are without knowledge or information to form a belief as to the truth of the allegations contained in said paragraph because it is vague as to who Plaintiff alleges Mr. Higgins discontinued communications with, and on that basis Answering Defendants deny each and every allegation contained therein.

26. In response to Paragraph 26 of the Complaint, Answering Defendants deny each and every allegation contained therein.

27. In response to Paragraph 27 of the Complaint, Answering Defendants deny each and every allegation contained therein except Answering Defendants admit that Plaintiff filed a Complaint in Los Angeles Superior Court Case Number SC112977 on June 10, 2011.   The content of that Complaint speaks for itself and to the extent Plaintiff's allegations in Paragraph 27 of the Complaint purport to draw legal conclusions regarding that Complaint, Answering Defendants are without knowledge or information to form a belief as to the truth of those allegations, and on that basis Answering Defendants deny each and every such allegation.

28. In response to Paragraph 28 of the Complaint, Answering Defendants deny each and every allegation contained therein.

29. In response to Paragraph 29 of the Complaint, Answering Defendants deny each and every allegation contained therein.

30. In response to Paragraph 30 of the Complaint, Answering Defendants deny each and every allegation contained therein.

31. In response to Paragraph 31 of the Complaint, Answering Defendants deny each and every allegation contained therein and specifically deny that Plaintiff attached an Exhibit A to his Complaint.

32. In response to Paragraph 32 of the Complaint, Answering Defendants are without knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

33. In response to Paragraph 33 of the Complaint, Answering Defendants are without knowledge or information to form a belief as to the truth of the allegations contained in said

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110
Telephone:  (408) 292-1765

1    paragraph because Plaintiff's complaints speaks for themselves and it is not for Answering

2    Defendants to admit or deny the truth of Plaintiff's "summary" of those complaints (especially

3    because the "Exhibit A" to which Plaintiff refers in paragraph 31 of his Complaint, which

4    Plaintiff alleges to be a summary of the calls, is not actually attached to the Complaint) and on

5    that basis Answering Defendants deny each and every allegation contained therein.

6          34.     In response to Paragraph 34 of the Complaint, Answering Defendants deny each

7    and every allegation contained therein.

8          35.     In response to Paragraph 35 of the Complaint, Answering Defendants restate,

9    reallege and reiterate their responses in all of the preceding paragraphs as if fully set forth herein.

10         36.     In response to Paragraph 36 of the Complaint, Answering Defendants are without

11   knowledge or information to form a belief as to the truth of the allegations contained in said

12   paragraph because Plaintiff's Complaint speaks for itself and it is not for Answering Defendants

13   to admit or deny the truth of whatever statutory basis to which Plaintiff claims to bring his

14   Complaint and on that basis Answering Defendants deny each and every allegation contained

15   therein.

16         37.     In response to Paragraph 36 of the Complaint, Answering Defendants are without

17   knowledge or information to form a belief as to the truth of the allegations contained in said

18   paragraph because the referenced statute speaks for itself and it is not for Answering Defendants

19   to admit or deny the what is unlawful pursuant to that statute and on that basis Answering

20   Defendants deny each and every allegation contained therein.

21         38.     In response to Paragraph 38 of the Complaint, Answering Defendants deny each

22   and every allegation contained therein to the extent they are made against Answering

23   Defendants.  To the extent that the allegations in Paragraph 38 of the Complaint are made against

24   other (non-Answering) Defendants, Answering Defendants are without knowledge or

25   information to form a belief as to the truth of the allegations contained in said paragraph, and on

26   that basis deny each and every allegation contained therein.

27         39.     In response to Paragraph 39 of the Complaint, Answering Defendants deny each

28   and every allegation contained therein to the extent they are made against Answering

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110
Telephone: (408) 292-1765

6

1    Defendants.  To the extent that the allegations in Paragraph 39 of the Complaint are made against

2    other (non-Answering) Defendants, Answering Defendants are without knowledge or

3    information to form a belief as to the truth of the allegations contained in said paragraph, and on

4    that basis deny each and every allegation contained therein.

5            40.     In response to Paragraph 40 of the Complaint, Answering Defendants are without

6    knowledge or information to form a belief as to the truth of the allegations contained in said

7    paragraph because the referenced statute speaks for itself and it is not for Answering Defendants

8    to admit or deny what is unlawful pursuant to that statute and on that basis Answering

9    Defendants deny each and every allegation contained therein.

10           41.     In response to Paragraph 41 of the Complaint, Answering Defendants restate,

11   reallege and reiterate their responses in all of the preceding paragraphs as if fully set forth herein.

12           42.     In response to Paragraph 42 of the Complaint, Answering Defendants are without

13   knowledge or information to form a belief as to the truth of the allegations contained in said

14   paragraph because the referenced statute speaks for itself and it is not for Answering Defendants

15   to admit or deny what is unlawful pursuant to that statute and on that basis Answering

16   Defendants deny each and every allegation contained therein.

17           43.     In response to Paragraph 43 of the Complaint, Answering Defendants are without

18   knowledge or information to form a belief as to the truth of the allegations contained in said

19   paragraph and on that basis Answering Defendants deny each and every allegation contained

20   therein.

21           44.     In response to Paragraph 44 of the Complaint, Answering Defendants deny each

22   and every allegation contained therein to the extent they are made against Answering

23   Defendants.  To the extent that the allegations in Paragraph 44 of the Complaint are made against

24   other (non-Answering) Defendants, Answering Defendants are without knowledge or

25   information to form a belief as to the truth of the allegations contained in said paragraph, and on

26   that basis deny each and every allegation contained therein.

27           45.     In response to Paragraph 45 of the Complaint, Answering Defendants are without

28   knowledge or information to form a belief as to the truth of the allegations contained in said

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110
Telephone: (408) 292-1765

7

1   paragraph because the referenced statute speaks for itself and it is not for Answering Defendants

2   to admit or deny what is unlawful pursuant to that statute and on that basis Answering

3   Defendants deny each and every allegation contained therein.

4          46.     In response to Paragraph 46 of the Complaint, Answering Defendants restate,

5   reallege and reiterate their responses in all of the preceding paragraphs as if fully set forth herein.

6          47.     In response to Paragraph 47 of the Complaint, Answering Defendants deny each

7   and every factual allegation contained therein to the extent they are made against Answering

8   Defendants. To the extent that the factual allegations in Paragraph 47 of the Complaint are made

9   against other (non-Answering) Defendants, Answering Defendants are without knowledge or

10  information to form a belief as to the truth of the allegations contained in said paragraph, and on

11  that basis deny each and every allegation contained therein. With respect to the legal conclusion

12  allegations regarding the referenced statute, Answering Defendants are without knowledge or

13  information to form a belief as to the truth of those allegations because the referenced statute

14  speaks for itself and it is not for Answering Defendants to admit or deny what is required by that

15  statute and on that basis Answering Defendants deny each and every allegation contained

16  therein.

17         48.     In response to Paragraph 48 of the Complaint, Answering Defendants deny each

18  and every allegation contained therein to the extent they are made against Answering

19  Defendants.  To the extent that the allegations in Paragraph 48 of the Complaint are made against

20  other (non-Answering) Defendants, Answering Defendants are without knowledge or

21  information to form a belief as to the truth of the allegations contained in said paragraph, and on

22  that basis deny each and every allegation contained therein.

23         49.     In response to Paragraph 49 of the Complaint, Answering Defendants are without

24  knowledge or information to form a belief as to the truth of the allegations contained in said

25  paragraph because the referenced statute speaks for itself and it is not for Answering Defendants

26  to admit or deny what remedies are available pursuant to that statute and on that basis Answering

27  Defendants deny each and every allegation contained therein.

28         50.     In response to Paragraph 50 of the Complaint, Answering Defendants are without

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110
Telephone: (408) 292-1765

1  knowledge or information to form a belief as to the truth of the allegations contained in said

2  paragraph because the referenced statute speaks for itself and it is not for Answering Defendants

3  to admit or deny what remedies are available pursuant to that statute and on that basis Answering

4  Defendants deny each and every allegation contained therein.

5        51.     In response to Paragraph 51 of the Complaint, Answering Defendants are without

6  knowledge or information to form a belief as to the truth of the allegations contained in said

7  paragraph because the referenced statute speaks for itself and it is not for Answering Defendants

8  to admit or deny what remedies are available pursuant to that statute and on that basis Answering

9  Defendants deny each and every allegation contained therein.

10        52.     In response to Paragraph 52 of the Complaint, Answering Defendants restate,

11  reallege and reiterate their responses in all of the preceding paragraphs as if fully set forth herein.

12        53.     In response to Paragraph 53 of the Complaint, Answering Defendants deny each

13  and every allegation contained therein to the extent they are made against Answering

14  Defendants.  To the extent that the allegations in Paragraph 53 of the Complaint are made against

15  other (non-Answering) Defendants, Answering Defendants are without knowledge or

16  information to form a belief as to the truth of the allegations contained in said paragraph, and on

17  that basis deny each and every allegation contained therein.

18        54.     In response to Paragraph 54 of the Complaint, Answering Defendants deny each

19  and every allegation contained therein to the extent they are made against Answering

20  Defendants.  To the extent that the allegations in Paragraph 54 of the Complaint are made against

21  other (non-Answering) Defendants, Answering Defendants are without knowledge or

22  information to form a belief as to the truth of the allegations contained in said paragraph, and on

23  that basis deny each and every allegation contained therein.

24        55.     In response to Paragraph 55 of the Complaint, Answering Defendants deny each

25  and every allegation contained therein to the extent they are made against Answering

26  Defendants.  To the extent that the allegations in Paragraph 55 of the Complaint are made against

27  other (non-Answering) Defendants, Answering Defendants are without knowledge or

28  information to form a belief as to the truth of the allegations contained in said paragraph, and on

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110
Telephone: (408) 292-1765

1    that basis deny each and every allegation contained therein.

2        56.    In response to Paragraph 56 of the Complaint, Answering Defendants deny each

3    and every allegation contained therein to the extent they are made against Answering

4    Defendants.  To the extent that the allegations in Paragraph 56 of the Complaint are made against

5    other (non-Answering) Defendants, Answering Defendants are without knowledge or

6    information to form a belief as to the truth of the allegations contained in said paragraph, and on

7    that basis deny each and every allegation contained therein.

8        57.    In response to Paragraph 57 of the Complaint, Answering Defendants restate,

9    reallege and reiterate their responses in all of the preceding paragraphs as if fully set forth herein.

10       58.    In response to Paragraph 58 of the Complaint, Answering Defendants are without

11   knowledge or information to form a belief as to the truth of the allegations contained in said

12   paragraph because the referenced statute speaks for itself and it is not for Answering Defendants

13   to admit or deny what is unlawful pursuant to that statute and on that basis Answering

14   Defendants deny each and every allegation contained therein.

15       59.    In response to Paragraph 59 of the Complaint, Answering Defendants are without

16   knowledge or information to form a belief as to the truth of the allegations contained in said

17   paragraph because the referenced statute speaks for itself and it is not for Answering Defendants

18   to admit or deny what remedies are available pursuant to that statute and on that basis Answering

19   Defendants deny each and every allegation contained therein.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Cause of Action)**

Neither the Complaint nor any cause of action in the Complaint states facts

sufficient to constitute a cause of action against these Answering Defendants.

SECOND AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

As a separate affirmative defense, Answering Defendants allege that Plaintiff's causes of

action, and each of them, are barred by the applicable statute of limitations including but not

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110
Telephone: (408) 292-1765

1  limited to (1) the four-year limitations period set forth in 28 USC section 1658 requiring any

2  action for violations the Telephone Consumer Protection Act of 1991 to be commenced not more

3  than four years from the date of the commission of the alleged unlawful conduct and (2) the

4  three-year limitations period set forth in Civil Code § 1783 requiring any action for violations of

5  Civil Code § 1770 to be commenced not more than three years from the date of the commission

6  of the alleged unlawful method, act, or practice and (3) the four-year limitations period set forth

7  in Cal. Bus. & Prof. Code § 17208 requiring any action to enforce any cause of action pursuant

8  to Cal. Bus. & Prof. Code Division 7, Part. 2, Ch. 5 to be commenced within four years after

9  Plaintiff's cause of action accrued and (4) the three-year limitations period set forth in Cal. Code

10  of Civ. Pro. § 338 requiring any action for taking, detaining, or injuring any goods or chattels to

11  be commenced within three years after Plaintiff's cause of action accrued.

12                          THIRD AFFIRMATIVE DEFENSE

13                              **(Failure to Mitigate)**

14      As a separate affirmative defense, Answering Defendants allege that Plaintiff's

15  injuries, loss or damages, if any, were aggravated by Plaintiff's failure to use reasonable

16  diligence to mitigate the same.  Plaintiff's failure to mitigate bars or diminishes Plaintiff's

17  recovery to the extent that damages could have been mitigated.

18                          FOURTH AFFIRMATIVE DEFENSE

19                                  **(Estoppel)**

20      As a separate affirmative defense, Answering Defendants allege that Plaintiff is

21  barred from asserting Plaintiff's causes of action, and each of them, set forth in the

22  Complaint by the doctrine of estoppel.

23                          FIFTH AFFIRMATIVE DEFENSE

24                                  **(Waiver)**

25      As a separate affirmative defense, Answering Defendants allege that Plaintiff's

26  causes of action, and each of them, are barred by the doctrine of waiver.

27                          SIXTH AFFIRMATIVE DEFENSE

28                              **(Unclean Hands)**

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110
Telephone: (408) 292-1765

1   As a separate affirmative defense, Answering Defendants allege that Plaintiff's

2   causes of action, and each of them, are barred by the doctrine of unclean hands.

3   SEVENTH AFFIRMATIVE DEFENSE

4   **(Laches)**

5   As a separate affirmative defense, Answering Defendants allege that Plaintiff's

6   causes of action, and each of them, are barred under the doctrine of laches and that

7   Plaintiff's delay in bringing this action has substantially prejudiced Defendant.

8   EIGHTH AFFIRMATIVE DEFENSE

9   **(No Private Right of Action)**

10  As a separate affirmative defense, Answering Defendants allege that no private

11  right of action exists for technical and procedural standards imposed by 47 U.S.C.

12  Section 227(d) and the regulations issued thereto, 47 CFR Section 64.1200(b). (*Boydston*

13  *v. Asset Acceptance LLC*, 496 F.Supp.2d 1101 (2007).)

14  NINTH AFFIRMATIVE DEFENSE

15  **(Acts of Others)**

16  As a separate affirmative defense, Answering Defendants allege that they are not

17  liable for the acts of others over whom they have no control.

18  TENTH AFFIRMATIVE DEFENSE

19  **(Due Care and Reasonable Practices and Procedures)**

20  As a separate affirmative defense, Plaintiff's causes of action, and each of them

21  are barred because Answering Defendants have established and implemented, with due

22  care, reasonable practices and procedures to effectively prevent telephone solicitations in

23  violation of the regulations prescribed under 47 USC § 227(c)(5)(C).

24  ELEVENTH AFFIRMATIVE DEFENSE

25  **(No Unsolicited Advertisements)**

26  As a separate affirmative defense, Answering Defendants allege that Plaintiff's

27  causes of action, and each of them are barred because Defendant did not make any calls

28  for a commercial purpose that included or introduced any unsolicited advertisement. (47

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110
Telephone: (408) 292-1765

1  C.F.R. 64.1200(a)(2)(iii).)

2  ## TWELFTH AFFIRMATIVE DEFENSE

3  ## (No Calls to Persons Lacking Established Business Relationship)

4  As a separate affirmative defense, Answering Defendants allege that Plaintiff's

5  causes of action, and each of them, are barred because Defendant did not make any calls

6  to any persons with whom Defendant did not have an established business relationship.

7  (47 C.F.R. 64.1200(a)(2)(iv).)

8  ## THIRTEENTH AFFIRMATIVE DEFENSE

9  ## (Failure to Provide Notice as Required by Consumer Legal Remedies Act)

10  As a separate affirmative defense, Answering Defendants allege that Plaintiff's

11  causes of action, and each of them, are barred because Plaintiff failed to notify Defendant

12  of the alleged violations of Civil Code section 1770 (described in paragraphs 31- 35 of

13  the Complaint) in writing, by certified or registered mail, at least 30 days prior to the

14  filing of the action as required under California Civil Code section 1782.

15  ## FOURTEENTH AFFIRMATIVE DEFENSE

16  ## (Bona Fide Error)

17  As a separate affirmative defense, Answering Defendants allege that Plaintiff is

18  not entitled to an award of damages as provided under Civil Code section 1784 because

19  the alleged violation was not intentional and if any such violation occurred, it resulted

20  from a bona fide error despite the use of reasonable procedures adopted to avoid the

21  error, and defendant made an appropriate remedy according to the provisions of Civil

22  Code section 1782, subd. (b) and (c).

23  ## FIFTEENTH AFFIRMATIVE DEFENSE

24  ## (Consent)

25  As a separate affirmative defense, Answering Defendants allege that Plaintiff's

26  causes of action, and each of them, are barred because Plaintiff consented to and

27  approved of the acts and omissions about which Plaintiff now complains.

28

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110
Telephone: (408) 292-1765

1

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7ᵗʰ Floor
San Jose, CA 95110
Telephone: (408) 292-1765

SIXTEENTH AFFIRMATIVE DEFENSE

**(No Individual Liability)**

As a separate affirmative defense, Answering Defendants allege that Plaintiff's causes of action, and each of them, are barred because there is no legal basis to impose liability on an individual for the alleged acts and omissions of a corporation and Plaintiff has failed to allege any basis for such liability or for liability on an alter ego basis.

SEVENTEENTH AFFIRMATIVE DEFENSE

**(Conduct Not Unlawful; Safe Harbor)**

As a separate affirmative defense, Answering Defendants allege that Plaintiff's causes of action, and each of them, are barred because the alleged business acts and practices Plaintiff complains of complied or substantially complied with the law. (*Hobby Industry Assn. of America, Inc. v. Younger* (1980) 101 Cal. App. 3d 358; *Smith v. State Farm Mutual Automobile Ins.* Co. (2001) 93 Cal. App. 4th 700.)

EIGHTEENTH AFFIRMATIVE DEFENSE

**(Conduct Unlikely to Deceive or Mislead the Public)**

As a separate affirmative defense, Answering Defendants allege that Plaintiff's causes of action, and each of them, are barred because the alleged business acts and practices that Plaintiff complains of are unlikely to deceive or mislead the public.

NINETEENTH AFFIRMATIVE DEFENSE

**(Judicial Abstention)**

As a separate affirmative defense, Answering Defendants allege that judicial intervention is inappropriate with respect to the remedies Plaintiff seeks under the Unfair Competition Law because granting injunctive relief would be unnecessarily burdensome for the trial court to monitor and enforce given the availability of more effective means of redress.

TWENTIETH AFFIRMATIVE DEFENSE

**(No Unfair Acts of Violation of Public Policy)**

As a separate affirmative defense, Answering Defendants allege that Plaintiff's

14

1  causes of action, and each of them, are barred because the alleged business acts and

2  practices Plaintiff complains of are not unfair with in the meaning of Business and

3  Professions Code section 17200 and the allegedly unfair acts do not violate an established

4  public policy.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

5

### (Business Justification)

6

7  As a separate affirmative defense, Answering Defendants allege that Plaintiff's

8  causes of action, and each of them, are barred because the alleged business acts and

9  practices Plaintiff complains of are justified in that the gravity of harm to the alleged

10  victim is not outweighed by the reasons, justifications and motives of Defendant.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

11

### (Comparative Negligence)

12

13  The Plaintiff was guilty of comparative fault or negligence in the matters set forth

14  in the Complaint which proximately caused or contributed to the injuries or damages

15  alleged in the Complaint.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

16

### (Co-defendants Liability)

17

18  If Plaintiff suffered any injuries or damages as alleged in the Complaint, the

19  percentage of negligence or fault attributable to each said (non-Answering) Defendant

20  should be determined and allocated accordingly.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

21

### (Assumption of Risk)

22

23  The Plaintiff had knowledge of the risks and hazards inherent in the events and

24  activities which took place at the times set forth in the Complaint, as well as the

25  magnitude of those risks and hazards, and thereafter knowingly and willingly assumed

26  and accepted those risks and hazards.

27

28

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110
Telephone: (408) 292-1765

1

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Irrelevant Standard)

Plaintiff is not a member of the class of person for whose protection the statute, ordinance or regulation referred to in Plaintiff's Complaint was adopted.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Willful Misconduct)

Plaintiff's behavior at the time of his injury constitutes willful misconduct, and plaintiff is thus barred from seeking recovery based upon the asserted negligence of Answering Defendants.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Granting Plaintiff's demand in the complaint would result in the Plaintiff receiving more money than he is entitled to receive.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Attorneys' Fees)

Plaintiff is not entitled to reimbursement of attorneys' fees because there is no law that allows recovery of such fees.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

As a separate affirmative defense, Answering Defendants allege that Defendant has insufficient knowledge or information on which to form a belief as to whether there may be additional affirmative defenses that Answering Defendants can assert. Answering Defendants therefore reserves the right to assert additional defenses as discovery indicates they are appropriate.

///

///

///

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110
Telephone: (408) 292-1765

16

1

**PRAYER**

2

    WHEREFORE, Answering Defendants pray that Plaintiff take nothing by way of

3

his Complaint and that Answering Defendants have judgment in their favor, for all costs

4

of suit, attorneys' fees, on all special defenses, and for all other relief that the court may

5

order or award in this case.

6

7

Dated: February14, 2013          MILLER, MORTON, CAILLAT & NEVIS, LLP

8

9

                                 By: _____/s/_____
                                        JENNIFER K. WHIPPLE
10                                      Attorneys for Defendants Maximum Security
                                        Alarm, Inc. and Andrew N. Higgins
11

12   335715_1

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110
Telephone: (408) 292-1765

17