1   JENNIFER K. WHIPPLE, ESQ., SBN 196795
    *jkw@millermorton.com*
2   MILLER, MORTON, CAILLAT & NEVIS, LLP
    25 Metro Drive, 7th Floor
3   San Jose, California   95110
    Telephone:  (408) 292-1765
4   Facsimile:  (408) 436-8272

5   Attorneys for Defendants Maximum Security
    Alarm, Inc. and Andrew N. Higgins
6

7

8                   UNITED STATES DISTRICT COURT

9        NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE COURTHOUSE

10

11   PAUL SAPAN,                          Case No.: CV12-6257-HRL

12                  Plaintiff,            **DEFENDANTS MAXIMUM SECURITY
                                          ALARM, INC. AND ANDREW N.
13          vs.                           HIGGINS' FIRST AMENDED ANSWER TO
                                          COMPLAINT**
14   MAXIMUM SECURITY ALARM, INC.;
     ANDREW N. HIGGINS, 1TO1 SALES        **JURY DEMAND**
15   GROUP, LLC; SAVANTIUS, LLC;
     REVOCALIZE, LLC; BEN GEORGE; and     Assigned to the Hon. Howard R. Lloyd
16   JODY ROOKSTOOL                       Courtroom 2, 5th Floor

17                  Defendants.

18

19          Defendants Maximum Security Alarm, Inc. and Andrew N. Higgins (hereinafter

20   "Answering Defendants"), through their attorneys Miller, Morton, Caillat & Nevis, LLP, file this

21   response to the Complaint for Damages, Including Punitive Damages, Interest and Attorney's

22   Fees, and for Injunctive Relief (hereinafter "Complaint") of Plaintiff Paul Sapan (hereinafter

23   "Plaintiff") pursuant to Federal Rules of Civil Procedure, Rule 8, and hereby set forth Answering

24   Defendants' admissions, denials and affirmative defenses as described below:

25                                       **ANSWER**

26          1.     In response to Paragraph 1 of the Complaint, Answering Defendants are without

27   knowledge or information to form a belief as to the truth of the allegations contained in said

28

                                              1

1   paragraph, and on that basis deny each and every allegation contained therein.

2        2.     In response to Paragraph 2 of the Complaint, Answering Defendants admit the

3   allegations contained therein.

4        3.     In response to Paragraph 3 of the Complaint, Answering Defendants admit that

5   Andrew N. Higgins is a California resident.   Except as so admitted, Answering Defendants deny

6   each and every allegation contained in Paragraph 3 of the Complaint.

7        4.     In response to Paragraph 4 of the Complaint, Answering Defendants admit the

8   allegations contained therein.

9        5.     In response to Paragraph 5 of the Complaint, Answering Defendants admit the

10   allegations contained therein.

11        6.     In response to Paragraph 6 of the Complaint, Answering Defendants admit the

12   allegations contained therein.

13        7.     In response to Paragraph 7 of the Complaint, Answering Defendants admit the

14   allegations contained therein.

15        8.     In response to Paragraph 8 of the Complaint, Answering Defendants admit the

16   allegations contained therein.

17        9.     In response to Paragraph 9 of the Complaint, Answering Defendants admit that

18   this Court has subject matter jurisdiction of this action.  Except as so admitted, Answering

19   Defendants are without knowledge or information to form a belief as to the truth of the

20   allegations contained in said paragraph because the referenced statutes and caselaw speak for

21   themselves and it is not for Answering Defendants to admit or deny the truth of Plaintiff's legal

22   conclusions and on that basis Answering Defendants deny each and every allegation contained

23   therein.

24        10.     In response to Paragraph 10 of the Complaint, Answering Defendants deny that

25   any Answering Defendant was the partner, agent, employee of any other (non-Answering)

26   Defendant and further deny that Answering Defendants were acting within the scope of such

27   partnership, agency and employment of any other (non-Answering) Defendant.  Answering

28

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110
Telephone: (408) 292-1765

1    Defendants also deny that Answering Defendants ratified the conduct of any other (non-

2    Answering) Defendant.

3           11.    In response to Paragraph 11 of the Complaint, Answering Defendants deny each

4    and every allegation contained therein to the extent that those allegations are made against

5    Answering Defendants.  To the extent that the allegations in Paragraph 11 of the Complaint are

6    made against other (non-Answering) Defendants, Answering Defendants are without knowledge

7    or information to form a belief as to the truth of the allegations contained in said paragraph, and

8    on that basis deny each and every allegation contained therein.

9           12.    In response to Paragraph 12 of the Complaint, Answering Defendants are without

10   knowledge or information to form a belief as to the truth of the allegations contained in said

11   paragraph, and on that basis deny each and every allegation contained therein.

12          13.    In response to Paragraph 13 of the Complaint, Answering Defendants are without

13   knowledge or information to form a belief as to the truth of the allegations contained in said

14   paragraph, and on that basis deny each and every allegation contained therein.

15          14.    In response to Paragraph 14 of the Complaint, Answering Defendants deny each

16   and every allegation contained therein to the extent that those allegations are made against

17   Answering Defendants.  To the extent that the allegations in Paragraph 14 of the Complaint are

18   made against other (non-Answering) Defendants, Answering Defendants are without knowledge

19   or information to form a belief as to the truth of the allegations contained in said paragraph, and

20   on that basis deny each and every allegation contained therein.

21          15.    In response to Paragraph 15 of the Complaint, Answering Defendants are without

22   knowledge or information to form a belief as to the truth of the allegations contained in said

23   paragraph, and on that basis deny each and every allegation contained therein.

24          16.    In response to Paragraph 16 of the Complaint, Answering Defendants are without

25   knowledge or information to form a belief as to the truth of the allegations contained in said

26   paragraph, and on that basis deny each and every allegation contained therein.

27          17.    In response to Paragraph 17 of the Complaint, Answering Defendants deny each

28

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110
Telephone: (408) 292-1765

1    and every allegation contained therein.

2        18.    In response to Paragraph 18 of the Complaint, Answering Defendants are without

3    knowledge or information to form a belief as to the truth of the allegations contained in said

4    paragraph, and on that basis deny each and every allegation contained therein.

5        19.    In response to Paragraph 19 of the Complaint, Answering Defendants deny each

6    and every allegation contained therein except they admit that when Plaintiff initiated a call to

7    Maximum Security Alarm, Inc. on October 26, 2009, Plaintiff expressed an interest in an alarm

8    system and specifically, he indicated that he needed to reschedule his current appointment and

9    requested that Maximum Security Alarm, Inc. call him back to reschedule.

10       20.    In response to Paragraph 20 of the Complaint, Answering Defendants deny each

11   and every allegation contained therein except Answering Defendants admit that Defendant

12   Maximum Security Alarm, Inc. had lawful permission to call Plaintiff and that any such calls are

13   not legally actionable.

14       21.    In response to Paragraph 21 of the Complaint, Answering Defendants deny each

15   and every allegation contained therein except Answering Defendants admit that Defendant

16   Maximum Security Alarm, Inc. received a letter purporting to be from Plaintiff's counsel

17   sometime in or around April of 2010.  With respect to Plaintiff's allegation that the letter

18   "unequivocally repudiated" any invitation to call him, Answering Defendants respond that they

19   are without knowledge or information to form a belief as to the truth of those allegations because

20   they constitute a legal conclusion and the content of that letter speaks for itself, and on that basis

21   Answering Defendants deny each and every allegation contained therein.

22       22.    In response to Paragraph 22 of the Complaint, Answering Defendants deny each

23   and every allegation contained therein except Answering Defendants admit that they sent a letter

24   to Plaintiff's counsel in response to Plaintiff's counsel's letter.

25       23.    In response to Paragraph 23 of the Complaint, are without knowledge or

26   information to form a belief as to the truth of the allegations contained in said paragraph, and on

27   that basis Answering Defendants deny each and every allegation contained therein.

28

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110
Telephone: (408) 292-1765

4

24.     In response to Paragraph 24 of the Complaint, Answering Defendants are without knowledge or information to form a belief as to the truth of the allegations contained in said paragraph because it is vague as to what Plaintiff means by "during this time" and on that basis Answering Defendants deny each and every allegation contained therein.

25.     In response to Paragraph 25 of the Complaint, Answering Defendants are without knowledge or information to form a belief as to the truth of the allegations contained in said paragraph because it is vague as to who Plaintiff alleges Mr. Higgins discontinued communications with, and on that basis Answering Defendants deny each and every allegation contained therein.

26.     In response to Paragraph 26 of the Complaint, Answering Defendants deny each and every allegation contained therein.

27.     In response to Paragraph 27 of the Complaint, Answering Defendants deny each and every allegation contained therein except Answering Defendants admit that Plaintiff filed a Complaint in Los Angeles Superior Court Case Number SC112977 on June 10, 2011.   The content of that Complaint speaks for itself and to the extent Plaintiff's allegations in Paragraph 27 of the Complaint purport to draw legal conclusions regarding that Complaint, Answering Defendants are without knowledge or information to form a belief as to the truth of those allegations, and on that basis Answering Defendants deny each and every such allegation.

28.     In response to Paragraph 28 of the Complaint, Answering Defendants deny each and every allegation contained therein.

29.     In response to Paragraph 29 of the Complaint, Answering Defendants deny each and every allegation contained therein.

30.     In response to Paragraph 30 of the Complaint, Answering Defendants deny each and every allegation contained therein.

31.     In response to Paragraph 31 of the Complaint, Answering Defendants deny each and every allegation contained therein and specifically deny that Plaintiff attached an Exhibit A to his Complaint.

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110
Telephone: (408) 292-1765

32.     In response to Paragraph 32 of the Complaint, Answering Defendants are without knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

33.     In response to Paragraph 33 of the Complaint, Answering Defendants are without knowledge or information to form a belief as to the truth of the allegations contained in said paragraph because Plaintiff's complaints speaks for themselves and it is not for Answering Defendants to admit or deny the truth of Plaintiff's "summary" of those complaints (especially because the "Exhibit A" to which Plaintiff refers in paragraph 31 of his Complaint, which Plaintiff alleges to be a summary of the calls, is not actually attached to the Complaint) and on that basis Answering Defendants deny each and every allegation contained therein.

34.     In response to Paragraph 34 of the Complaint, Answering Defendants deny each and every allegation contained therein.

35.     In response to Paragraph 35 of the Complaint, Answering Defendants restate, reallege and reiterate their responses in all of the preceding paragraphs as if fully set forth herein.

36.     In response to Paragraph 36 of the Complaint, Answering Defendants are without knowledge or information to form a belief as to the truth of the allegations contained in said paragraph because Plaintiff's Complaint speaks for itself and it is not for Answering Defendants to admit or deny the truth of whatever statutory basis to which Plaintiff claims to bring his Complaint and on that basis Answering Defendants deny each and every allegation contained therein.

37.     In response to Paragraph 36 of the Complaint, Answering Defendants are without knowledge or information to form a belief as to the truth of the allegations contained in said paragraph because the referenced statute speaks for itself and it is not for Answering Defendants to admit or deny the what is unlawful pursuant to that statute and on that basis Answering Defendants deny each and every allegation contained therein.

38.     In response to Paragraph 38 of the Complaint, Answering Defendants deny each and every allegation contained therein to the extent they are made against Answering

6

1    Defendants.  To the extent that the allegations in Paragraph 38 of the Complaint are made against

2    other (non-Answering) Defendants, Answering Defendants are without knowledge or

3    information to form a belief as to the truth of the allegations contained in said paragraph, and on

4    that basis deny each and every allegation contained therein.

5            39.     In response to Paragraph 39 of the Complaint, Answering Defendants deny each

6    and every allegation contained therein to the extent they are made against Answering

7    Defendants.  To the extent that the allegations in Paragraph 39 of the Complaint are made against

8    other (non-Answering) Defendants, Answering Defendants are without knowledge or

9    information to form a belief as to the truth of the allegations contained in said paragraph, and on

10   that basis deny each and every allegation contained therein.

11           40.     In response to Paragraph 40 of the Complaint, Answering Defendants are without

12   knowledge or information to form a belief as to the truth of the allegations contained in said

13   paragraph because the referenced statute speaks for itself and it is not for Answering Defendants

14   to admit or deny what is unlawful pursuant to that statute and on that basis Answering

15   Defendants deny each and every allegation contained therein.

16           41.     In response to Paragraph 41 of the Complaint, Answering Defendants restate,

17   reallege and reiterate their responses in all of the preceding paragraphs as if fully set forth herein.

18           42.     In response to Paragraph 42 of the Complaint, Answering Defendants are without

19   knowledge or information to form a belief as to the truth of the allegations contained in said

20   paragraph because the referenced statute speaks for itself and it is not for Answering Defendants

21   to admit or deny what is unlawful pursuant to that statute and on that basis Answering

22   Defendants deny each and every allegation contained therein.

23           43.     In response to Paragraph 43 of the Complaint, Answering Defendants are without

24   knowledge or information to form a belief as to the truth of the allegations contained in said

25   paragraph and on that basis Answering Defendants deny each and every allegation contained

26   therein.

27           44.     In response to Paragraph 44 of the Complaint, Answering Defendants deny each

28

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110
Telephone: (408) 292-1765

1    and every allegation contained therein to the extent they are made against Answering

2    Defendants.  To the extent that the allegations in Paragraph 44 of the Complaint are made against

3    other (non-Answering) Defendants, Answering Defendants are without knowledge or

4    information to form a belief as to the truth of the allegations contained in said paragraph, and on

5    that basis deny each and every allegation contained therein.

6         45.    In response to Paragraph 45 of the Complaint, Answering Defendants are without

7    knowledge or information to form a belief as to the truth of the allegations contained in said

8    paragraph because the referenced statute speaks for itself and it is not for Answering Defendants

9    to admit or deny what is unlawful pursuant to that statute and on that basis Answering

10   Defendants deny each and every allegation contained therein.

11        46.    In response to Paragraph 46 of the Complaint, Answering Defendants restate,

12   reallege and reiterate their responses in all of the preceding paragraphs as if fully set forth herein.

13        47.    In response to Paragraph 47 of the Complaint, Answering Defendants deny each

14   and every factual allegation contained therein to the extent they are made against Answering

15   Defendants. To the extent that the factual allegations in Paragraph 47 of the Complaint are made

16   against other (non-Answering) Defendants, Answering Defendants are without knowledge or

17   information to form a belief as to the truth of the allegations contained in said paragraph, and on

18   that basis deny each and every allegation contained therein. With respect to the legal conclusion

19   allegations regarding the referenced statute, Answering Defendants are without knowledge or

20   information to form a belief as to the truth of those allegations because the referenced statute

21   speaks for itself and it is not for Answering Defendants to admit or deny what is required by that

22   statute and on that basis Answering Defendants deny each and every allegation contained

23   therein.

24        48.    In response to Paragraph 48 of the Complaint, Answering Defendants deny each

25   and every allegation contained therein to the extent they are made against Answering

26   Defendants.  To the extent that the allegations in Paragraph 48 of the Complaint are made against

27   other (non-Answering) Defendants, Answering Defendants are without knowledge or

28

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110
Telephone: (408) 292-1765

information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

49.     In response to Paragraph 49 of the Complaint, Answering Defendants are without knowledge or information to form a belief as to the truth of the allegations contained in said paragraph because the referenced statute speaks for itself and it is not for Answering Defendants to admit or deny what remedies are available pursuant to that statute and on that basis Answering Defendants deny each and every allegation contained therein.

50.     In response to Paragraph 50 of the Complaint, Answering Defendants are without knowledge or information to form a belief as to the truth of the allegations contained in said paragraph because the referenced statute speaks for itself and it is not for Answering Defendants to admit or deny what remedies are available pursuant to that statute and on that basis Answering Defendants deny each and every allegation contained therein.

51.     In response to Paragraph 51 of the Complaint, Answering Defendants are without knowledge or information to form a belief as to the truth of the allegations contained in said paragraph because the referenced statute speaks for itself and it is not for Answering Defendants to admit or deny what remedies are available pursuant to that statute and on that basis Answering Defendants deny each and every allegation contained therein.

52.     In response to Paragraph 52 of the Complaint, Answering Defendants restate, reallege and reiterate their responses in all of the preceding paragraphs as if fully set forth herein.

53.     In response to Paragraph 53 of the Complaint, Answering Defendants deny each and every allegation contained therein to the extent they are made against Answering Defendants.  To the extent that the allegations in Paragraph 53 of the Complaint are made against other (non-Answering) Defendants, Answering Defendants are without knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

54.     In response to Paragraph 54 of the Complaint, Answering Defendants deny each and every allegation contained therein to the extent they are made against Answering

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110
Telephone: (408) 292-1765

1    Defendants. To the extent that the allegations in Paragraph 54 of the Complaint are made against

2    other (non-Answering) Defendants, Answering Defendants are without knowledge or

3    information to form a belief as to the truth of the allegations contained in said paragraph, and on

4    that basis deny each and every allegation contained therein.

5         55.    In response to Paragraph 55 of the Complaint, Answering Defendants deny each

6    and every allegation contained therein to the extent they are made against Answering

7    Defendants. To the extent that the allegations in Paragraph 55 of the Complaint are made against

8    other (non-Answering) Defendants, Answering Defendants are without knowledge or

9    information to form a belief as to the truth of the allegations contained in said paragraph, and on

10   that basis deny each and every allegation contained therein.

11        56.    In response to Paragraph 56 of the Complaint, Answering Defendants deny each

12   and every allegation contained therein to the extent they are made against Answering

13   Defendants. To the extent that the allegations in Paragraph 56 of the Complaint are made against

14   other (non-Answering) Defendants, Answering Defendants are without knowledge or

15   information to form a belief as to the truth of the allegations contained in said paragraph, and on

16   that basis deny each and every allegation contained therein.

17        57.    In response to Paragraph 57 of the Complaint, Answering Defendants restate,

18   reallege and reiterate their responses in all of the preceding paragraphs as if fully set forth herein.

19        58.    In response to Paragraph 58 of the Complaint, Answering Defendants are without

20   knowledge or information to form a belief as to the truth of the allegations contained in said

21   paragraph because the referenced statute speaks for itself and it is not for Answering Defendants

22   to admit or deny what is unlawful pursuant to that statute and on that basis Answering

23   Defendants deny each and every allegation contained therein.

24        59.    In response to Paragraph 59 of the Complaint, Answering Defendants are without

25   knowledge or information to form a belief as to the truth of the allegations contained in said

26   paragraph because the referenced statute speaks for itself and it is not for Answering Defendants

27   to admit or deny what remedies are available pursuant to that statute and on that basis Answering

28

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110
Telephone: (408) 292-1765

1  Defendants deny each and every allegation contained therein.

2  **AFFIRMATIVE DEFENSES**

3  FIRST AFFIRMATIVE DEFENSE

4  **(Failure to State a Cause of Action)**

5  Neither the Complaint nor any cause of action in the Complaint states facts

6  sufficient to constitute a cause of action against these Answering Defendants.

7  SECOND AFFIRMATIVE DEFENSE

8  **(Statute of Limitations)**

9  As a separate affirmative defense, Answering Defendants allege that Plaintiff's causes of

10  action, and each of them, are barred by the applicable statute of limitations including but not

11  limited to (1) the four-year limitations period set forth in 28 USC section 1658 requiring any

12  action for violations the Telephone Consumer Protection Act of 1991 to be commenced not more

13  than four years from the date of the commission of the alleged unlawful conduct and (2) the

14  three-year limitations period set forth in Civil Code § 1783 requiring any action for violations of

15  Civil Code § 1770 to be commenced not more than three years from the date of the commission

16  of the alleged unlawful method, act, or practice and (3) the four-year limitations period set forth

17  in Cal. Bus. & Prof. Code § 17208 requiring any action to enforce any cause of action pursuant

18  to Cal. Bus. & Prof. Code Division 7, Part. 2, Ch. 5 to be commenced within four years after

19  Plaintiff's cause of action accrued and (4) the three-year limitations period set forth in Cal. Code

20  of Civ. Pro. § 338 requiring any action for taking, detaining, or injuring any goods or chattels to

21  be commenced within three years after Plaintiff's cause of action accrued.

22  THIRD AFFIRMATIVE DEFENSE

23  **(Failure to Mitigate)**

24  As a separate affirmative defense, Answering Defendants allege that Plaintiff's

25  injuries, loss or damages, if any, were aggravated by Plaintiff's failure to use reasonable

26  diligence to mitigate the same. Plaintiff's failure to mitigate bars or diminishes Plaintiff's

27  recovery to the extent that damages could have been mitigated.

28

11

1

### FOURTH AFFIRMATIVE DEFENSE

2

### (Estoppel)

3      As a separate affirmative defense, Answering Defendants allege that Plaintiff is

4 barred from asserting Plaintiff's causes of action, and each of them, set forth in the

5 Complaint by the doctrine of estoppel.

6

### FIFTH AFFIRMATIVE DEFENSE

7

### (Waiver)

8      As a separate affirmative defense, Answering Defendants allege that Plaintiff's

9 causes of action, and each of them, are barred by the doctrine of waiver.

10

### SIXTH AFFIRMATIVE DEFENSE

11

### (Unclean Hands)

12      As a separate affirmative defense, Answering Defendants allege that Plaintiff's

13 causes of action, and each of them, are barred by the doctrine of unclean hands.

14

### SEVENTH AFFIRMATIVE DEFENSE

15

### (Laches)

16      As a separate affirmative defense, Answering Defendants allege that Plaintiff's

17 causes of action, and each of them, are barred under the doctrine of laches and that

18 Plaintiff's delay in bringing this action has substantially prejudiced Defendant.

19

### EIGHTH AFFIRMATIVE DEFENSE

20

### (No Private Right of Action)

21      As a separate affirmative defense, Answering Defendants allege that no private

22 right of action exists for technical and procedural standards imposed by 47 U.S.C.

23 Section 227(d) and the regulations issued thereto, 47 CFR Section 64.1200(b). (*Boydston*

24 *v. Asset Acceptance LLC*, 496 F.Supp.2d 1101 (2007).)

25

### NINTH AFFIRMATIVE DEFENSE

26

### (Acts of Others)

27      As a separate affirmative defense, Answering Defendants allege that they are not

28

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110
Telephone: (408) 292-1765

1 liable for the acts of others over whom they have no control.

2 TENTH AFFIRMATIVE DEFENSE

3 **(Due Care and Reasonable Practices and Procedures)**

4 As a separate affirmative defense, Plaintiff's causes of action, and each of them

5 are barred because Answering Defendants have established and implemented, with due

6 care, reasonable practices and procedures to effectively prevent telephone solicitations in

7 violation of the regulations prescribed under 47 USC § 227(c)(5)(C).

8 ELEVENTH AFFIRMATIVE DEFENSE

9 **(No Unsolicited Advertisements)**

10 As a separate affirmative defense, Answering Defendants allege that Plaintiff's

11 causes of action, and each of them are barred because Defendant did not make any calls

12 for a commercial purpose that included or introduced any unsolicited advertisement. (47

13 C.F.R. 64.1200(a)(2)(iii).)

14 TWELFTH AFFIRMATIVE DEFENSE

15 **(No Calls to Persons Lacking Established Business Relationship)**

16 As a separate affirmative defense, Answering Defendants allege that Plaintiff's

17 causes of action, and each of them, are barred because Defendant did not make any calls

18 to any persons with whom Defendant did not have an established business relationship.

19 (47 C.F.R. 64.1200(a)(2)(iv).)

20 THIRTEENTH AFFIRMATIVE DEFENSE

21 **(Failure to Provide Notice as Required by Consumer Legal Remedies Act)**

22 As a separate affirmative defense, Answering Defendants allege that Plaintiff's

23 causes of action, and each of them, are barred because Plaintiff failed to notify Defendant

24 of the alleged violations of Civil Code section 1770 (described in paragraphs 31- 35 of

25 the Complaint) in writing, by certified or registered mail, at least 30 days prior to the

26 filing of the action as required under California Civil Code section 1782.

27

28

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110
Telephone: (408) 292-1765

13

1

## FOURTEENTH AFFIRMATIVE DEFENSE

2

### (Bona Fide Error)

3      As a separate affirmative defense, Answering Defendants allege that Plaintiff is

4 not entitled to an award of damages as provided under Civil Code section 1784 because

5 the alleged violation was not intentional and if any such violation occurred, it resulted

6 from a bona fide error despite the use of reasonable procedures adopted to avoid the

7 error, and defendant made an appropriate remedy according to the provisions of Civil

8 Code section 1782, subd. (b) and (c).

9

## FIFTEENTH AFFIRMATIVE DEFENSE

10

### (Consent)

11      As a separate affirmative defense, Answering Defendants allege that Plaintiff's

12 causes of action, and each of them, are barred because Plaintiff consented to and

13 approved of the acts and omissions about which Plaintiff now complains.

14

## SIXTEENTH AFFIRMATIVE DEFENSE

15

### (No Individual Liability)

16      As a separate affirmative defense, Answering Defendants allege that Plaintiff's

17 causes of action, and each of them, are barred because there is no legal basis to impose

18 liability on an individual for the alleged acts and omissions of a corporation and Plaintiff

19 has failed to allege any basis for such liability or for liability on an alter ego basis.

20

## SEVENTEENTH AFFIRMATIVE DEFENSE

21

### (Conduct Not Unlawful; Safe Harbor)

22      As a separate affirmative defense, Answering Defendants allege that Plaintiff's

23 causes of action, and each of them, are barred because the alleged business acts and

24 practices Plaintiff complains of complied or substantially complied with the law. (*Hobby*

25 *Industry Assn. of America, Inc. v. Younger* (1980) 101 Cal. App. 3d 358; *Smith v. State*

26 *Farm Mutual Automobile Ins.* Co. (2001) 93 Cal. App. 4th 700.)

27

28

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110
Telephone: (408) 292-1765

14

1

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110
Telephone: (408) 292-1765

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Conduct Unlikely to Deceive or Mislead the Public)

As a separate affirmative defense, Answering Defendants allege that Plaintiff's causes of action, and each of them, are barred because the alleged business acts and practices that Plaintiff complains of are unlikely to deceive or mislead the public.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Judicial Abstention)

As a separate affirmative defense, Answering Defendants allege that judicial intervention is inappropriate with respect to the remedies Plaintiff seeks under the Unfair Competition Law because granting injunctive relief would be unnecessarily burdensome for the trial court to monitor and enforce given the availability of more effective means of redress.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Unfair Acts of Violation of Public Policy)

As a separate affirmative defense, Answering Defendants allege that Plaintiff's causes of action, and each of them, are barred because the alleged business acts and practices Plaintiff complains of are not unfair with in the meaning of Business and Professions Code section 17200 and the allegedly unfair acts do not violate an established public policy.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Business Justification)

As a separate affirmative defense, Answering Defendants allege that Plaintiff's causes of action, and each of them, are barred because the alleged business acts and practices Plaintiff complains of are justified in that the gravity of harm to the alleged victim is not outweighed by the reasons, justifications and motives of Defendant.

1

TWENTY-SECOND AFFIRMATIVE DEFENSE

**(Comparative Negligence)**

The Plaintiff was guilty of comparative fault or negligence in the matters set forth in the Complaint which proximately caused or contributed to the injuries or damages alleged in the Complaint.

TWENTY-THIRD AFFIRMATIVE DEFENSE

**(Co-defendants Liability)**

If Plaintiff suffered any injuries or damages as alleged in the Complaint, the percentage of negligence or fault attributable to each said (non-Answering) Defendant should be determined and allocated accordingly.

TWENTY-FOURTH AFFIRMATIVE DEFENSE

**(Assumption of Risk)**

The Plaintiff had knowledge of the risks and hazards inherent in the events and activities which took place at the times set forth in the Complaint, as well as the magnitude of those risks and hazards, and thereafter knowingly and willingly assumed and accepted those risks and hazards.

TWENTY-FIFTH AFFIRMATIVE DEFENSE

**(Irrelevant Standard)**

Plaintiff is not a member of the class of person for whose protection the statute, ordinance or regulation referred to in Plaintiff's Complaint was adopted.

TWENTY-SIXTH AFFIRMATIVE DEFENSE

**(Willful Misconduct)**

Plaintiff's behavior at the time of his injury constitutes willful misconduct, and plaintiff is thus barred from seeking recovery based upon the asserted negligence of Answering Defendants.

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110
Telephone: (408) 292-1765

16

1    TWENTY-SEVENTH AFFIRMATIVE DEFENSE

2    **(Unjust Enrichment)**

3        Granting Plaintiff's demand in the complaint would result in the Plaintiff receiving

4    more money than he is entitled to receive.

5    TWENTY-EIGHTH AFFIRMATIVE DEFENSE

6    **(No Attorneys' Fees)**

7        Plaintiff is not entitled to reimbursement of attorneys' fees because there is no law

8    that allows recovery of such fees.

9    TWENTY-NINTH AFFIRMATIVE DEFENSE

10   **(Additional Affirmative Defenses)**

11       As a separate affirmative defense, Answering Defendants allege that

12   Defendant has insufficient knowledge or information on which to form a belief as to

13   whether there may be additional affirmative defenses that Answering Defendants can

14   assert.  Answering Defendants therefore reserves the right to assert additional defenses as

15   discovery indicates they are appropriate.

16   ///

17   ///

18   ///

19

20   **PRAYER**

21       WHEREFORE, Answering Defendants pray that Plaintiff take nothing by way of

22   his Complaint and that Answering Defendants have judgment in their favor, for all costs

23   of suit, attorneys' fees, on all special defenses, and for all other relief that the court may

24   order or award in this case.

25   **DEMAND FOR JURY**

26       Pursuant to Federal Rule of Civil Procedure, Rule 38(b), Answering Defendants hereby

27   demand a jury trial on all claims and issues so triable.

28

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110
Telephone: (408) 292-1765

1

2   Dated:  February 15, 2013          MILLER, MORTON, CAILLAT & NEVIS, LLP

3

4                                      By: _____/s/_____

JENNIFER K. WHIPPLE
5                                      Attorneys for Defendants Maximum Security
Alarm, Inc. and Andrew N. Higgins

6

7   335921_1

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110
Telephone: (408) 292-1765

18